UNITED STATES of America, Appellee,

v.

Michael D. BEAN, Defendant–Appellant.

No. 07–3015–cr.

United States Court of Appeals, Second Circuit.

Nov. 7, 2008.

Philip L. Weinstein, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York, for Appellant.

Valerie Tocci, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney of counsel), for Benton J. Campbell, United States Attorney for the Eastern District of New York, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JON O. NEWMAN, Hon. DEBRA A. LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Michael D. Bean appeals from a sentence entered on July 16, 2007 in the Eastern District of New York (Irizarry, J.) following Bean's plea of guilty to possessing a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review sentences under an "abuse-of-discretion standard" for both procedural and substantive reasonableness. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). With regard to procedural reasonableness, we will find an abuse of discretion where the

district court "fail[ed] to calculate (or improperly calculat[ed]) the Guidelines range, treat[ed] the Guidelines as mandatory, fail[ed] to consider the § 3553(a) factors, select[ed] a sentence based on clearly erroneous facts, or fail[ed] to adequately explain the chosen sentence." *Id.*

The district court determined Bean's applicable Guidelines range to be 30–37 months, based on a Criminal History Category of III and an offense level of 17. However, the court imposed the statutory maximum sentence of 120 months, explaining that it upwardly departed on the grounds that Bean's criminal history category substantially under-represented the seriousness of his criminal history.

Sentencing Guidelines § 4A1.3(a)(1) states that an upward departure may be warranted where: "reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." To upwardly depart on this ground, it is necessary that the information be reliable, that the Guidelines do not already take the information into account, and that the understatement be substantial. *United States v. Gayle,* 389 F.3d 406, 409–10 (2d Cir.2004). Inadequacy of a defendant's criminal history category is an "encouraged" basis for departure. *United States v. Simmons,* 343 F.3d 72, 78 (2d Cir.2003)(quoting *Koon v. United States,* 518 U.S. 81, 94–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996)).

The procedure for a departure based on criminal history inadequacy (a "horizontal" departure) is set forth in U.S.S.G. § 4A1.3(a)(4): "the court shall determine the extent of a departure ... by using, as a reference, the criminal history category applicable to defendants whose criminal history or likelihood to recidivate most closely resembles that of the defendant's." In *United States v. Tropiano,* 50 F.3d 157 (2d Cir.1995), this Court suggested that the Guidelines required a court to "proceed[ ] sequentially from the criminal history category determined by the defendant's criminal history point score through each higher criminal history category until it settles upon a category that fits the defendant." *Id.* at 163 (internal quotations and citations omitted). However, our more recent case law has backed away from such a "mechanistic" approach. *See, e.g., United States v. Simmons,* 343 F.3d 72, 78 (2d Cir.2003)("[W]e have made it clear on other occasions that, as long as the reasons for such a departure are fully explained, a mechanistic, step-by-step procedure is not required." (internal quotation marks omitted)).

Bean's criminal history is extensive: he has been arrested on at least seven occasions for rape, and been convicted of murder and rape. He has violated parole numerous times, and as of the time of sentencing was facing new charges for sexual assault and drug possession.[1] But the court did not follow the recommended

---

1. The district court properly noted that it could not consider Bean's past arrests *per se,* nor the charges pending against him at the time. *See* U.S.S.G § 4A1.3(3)("A prior arrest record itself shall not be considered for purposes of an upward departure under this policy statement."); *see also United States v. Juwa,* 508 F.3d 694, 701 (2d Cir.2007) ("[A]t sentencing, an indictment or a charge within an indictment, standing alone and without independent substantiation, cannot be the ba-

sis upon which a criminal punishment is imposed. Some additional information, whether testimonial or documentary, is needed to provide evidentiary support for the charges and their underlying facts.").

Thus, the court based its upward departure on Bean's 1972 and 1977 convictions, which had not been factored into his Criminal History Category because they were untimely. *See* U.S.S.G § 4A1.2(e).

procedure in § 4A1.3(a)(4) for calculating its upward departure, nor, ultimately, did the court settle on an amended Guidelines range.[2]

The Supreme Court's recent case law makes clear that "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." *Gall,* 128 S.Ct. at 596 (citation omitted). More specifically, this Court has held that a sentence satisfies the Sixth Amendment when the sentencing judge: "(1) calculates the relevant Guidelines range, *including any applicable departure under the Guidelines system;* (2) considers the calculated Guidelines range, along with the other § 3553(a) factors; and (3) imposes a reasonable sentence." *United States v. Fernandez,* 443 F.3d 19, 26 (2d Cir.2006)(citing *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005) (emphasis added)).

Since the district court did not determine what Bean's amended Guidelines range was in light of its upward departure, the sentence is procedurally unreasonable.

However, in view of Bean's extensive and serious criminal record, the court may have intended to impose a non-Guidelines sentence, based on the factors listed in 18 U.S.C. § 3553(a), especially subparagraphs (2)(B)(to afford adequate deterrence to criminal conduct) and (2)(C)(to protect the public from further crimes of the defendant). On remand, the court should first consider what the applicable Guidelines range would be as a result of a horizontal departure with respect to the criminal his-

tory category, and then consider whether to sentence within the resulting range or to impose a non-Guidelines sentence.

We hereby **VACATE** the judgment of the district court, and remand for further proceedings.

2. If the court had done the calculation, it appears that Bean's 1972 and 1977 convictions would have added a total of five points to Bean's criminal history score, resulting in a total of ten points, which would have placed Bean in Criminal History Category V, with an amended range of 46–57 months—still significantly below the 120 months that Bean received. Even at the highest Criminal History Category, VI, an offense level of 17 yields a range of 51–63 months.