09-1358-cr
United States v. Bean

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand ten.**

PRESENT:

JOHN M. WALKER, JR.,
DEBRA ANN LIVINGSTON,
GERARD E. LYNCH,
          *Circuit Judges*.

_____

United States of America,

     *Appellee*,

     v.                              09-1358-cr

Michael D. Bean,

     *Defendant-Appellant*.

_____

FOR APPELLANT:      PHILIP L. WEINSTEIN, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

FOR APPELLEE:       KARIN ORENSTEIN, Assistant United States Attorney (SUSAN CORKERY, Assistant United States Attorney, *on the brief*) for BENTON J. CAMPBELL, United States Attorney for the Eastern District of New York, New York, N.Y.

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant-Appellant Michael D. Bean appeals from a March 25, 2009 judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*), sentencing him principally to 120 months' imprisonment. We assume the parties' familiarity with the underlying facts, procedural history, and the issues on appeal.

On January 10, 2007, Bean pleaded guilty to a single-count indictment charging that on September 29, 2006, Bean, having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1). The United States Probation Department submitted a Presentence Report ("PSR") on April 4, 2007, calculating Bean's base offense level as 17 and his criminal history category as III, resulting in a Guidelines range of 30 to 37 months. The PSR also detailed Bean's numerous contacts with the criminal justice system, including a 1972 kidnaping conviction and a 1977 conviction for oral copulation with a minor, neither of which were included in the PSR's Guidelines range calculation because they were too remote in time. On July 13, 2007, the district court, noting that Bean's criminal history was "severely" under-represented by his criminal history category but without performing the calculation required for a horizontal departure, sentenced Bean principally to 120 months in prison, the statutory maximum. Bean appealed his sentence, and on November 7, 2008, a panel of this Court remanded for resentencing so that the district court could calculate the applicable Guidelines range, including, if necessary, a horizontal departure in Bean's criminal history category to take into account his "extensive and serious criminal record." *United States v. Bean*, 299 F. App'x 55 (2d Cir. 2008) (summary order).

Bean was resentenced on March 25, 2009. In preparation for resentencing, Bean and the government made submissions to the district court. In a March 11, 2009 letter, Bean acknowledged the district court's concerns with the underrepresentation of Bean's criminal history in the Guidelines range as calculated in the PSR. Thus, he explained that "[i]f the Court believes that Mr. Bean's criminal history is under-represented without [his 1972 and 1977] criminal convictions, upwardly departing to include those convictions will result in a guideline calculation that will increase both his base offense level and his criminal history calculation." Bean calculated his base offense level as 21 and his criminal history category as V, resulting in a Guidelines range of 70-87 months. Bean reiterated his assent to this calculation at resentencing. Thus, as suggested by Bean, the court calculated a Guidelines range of 70-87 months, but after considering the Section 3553(a) factors, again sentenced Bean to 120 months, the statutory maximum.

We review Bean's sentence for reasonableness, but that "does not entail the substitution of our judgment for that of the sentencing judge." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). Rather, "the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions." *Gall v. United States*, 552 U.S. 38, 46 (2007). We review a sentence for both procedural and substantive reasonableness. *United States v. Jones*, 531 F.3d 163, 170 (2d Cir. 2008). Failure to calculate, or improperly calculating, the Guidelines range, treating the Guidelines range as mandatory, failing to consider the 18 U.S.C. § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence and deviation from the Guidelines range can render a sentence procedurally unreasonable. *Jones*, 531 F.3d at 170. In reviewing for substantive reasonableness, we determine whether the district court's sentence is located "within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d

3

Cir. 2008) (en banc) (internal quotation marks omitted). While the Section 3553(a) factors "guide appellate courts . . . in determining whether a sentence is unreasonable," *United States v. Booker*, 543 U.S. 220, 261 (2005), we will "not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *Cavera*, 550 F.3d at 189. Our judgment of a sentence's substantive reasonableness, moreover, must be informed by "the extent of any variance from the Guidelines range." *Gall*, 552 U.S. at 51. When a district court decides upon a non-Guidelines sentence, she "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* at 50.

On appeal, Bean argues that his sentence was procedurally unreasonable because the district court incorrectly calculated his Guidelines range and because the district court improperly relied on Bean's arrest records and an ongoing state criminal investigation in computing his sentence. He argues that his sentence is substantively unreasonable because of its deviation from the Guidelines range. We reject both arguments.

With regard to his contention that the district court improperly calculated his Guidelines range, since Bean urged the very calculation that was performed by the district court, he has waived this argument on appeal. We have held that "issues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet our standard for plain error." *United States v. Villafuerte*, 502 F.3d 204, 207 (2d Cir. 2007). However, where "a claim has been waived through explicit abandonment, rather than forfeited through failure to object, plain error review is not available." *United States v. Jackson*, 346 F.3d 22, 24 (2d Cir. 2003). That is, "plain error review is available only for issues 'not intentionally relinquished or abandoned.'"

4

*Id.* (quoting *United States v. Gore*, 154 F.3d 34, 41 (2d Cir. 1998)). "A finding of true waiver applies with even more force when, as in this case, defendants not only failed to object to what they now describe as error, but they actively solicited it . . . ." *United States v. Quinones*, 511 F.3d 289, 321 (2d Cir. 2007). Thus, we will not review Bean's waived argument that the district court erred in adopting the Guidelines range that he urged.

Moreover, the district court did not commit procedural error by relying on Bean's arrest record or the pending investigation. With regard to Bean's arrest history, in its statement of reasons, the district court noted this history but then expressly stated that "[n]o criminal history points were assessed for these arrests, and as the Probation Department was unable to learn the underlying facts for these arrests the Court cannot and has not considered them in determining [Bean's] sentence." With regard to the pending investigation, the defense raised this matter at sentencing, asking the court to consider potential punishment as a result of this investigation as a reason not to impose a non-Guidelines sentence. The record does not support the defense's argument that this matter was improperly taken into account.

Finally, the 120-month sentence is not substantively unreasonable. In imposing a non-Guidelines sentence, it was proper for the district court to consider Bean's extensive contacts with the criminal justice system, including his nearly unbroken pattern of being released and then violating his parole since his 1980 conviction for murder and rape. 18 U.S.C. § 3553(a). In imposing the sentence, the district court adequately considered the Section 3553(a) factors, and in particular emphasized Section 3553(a)(2)(B), the need to deter criminal conduct, and Section 3553(a)(2)(C), the need to protect the public from further crimes of the defendant. In so weighing the Section 3553(a) factors, the court did not abuse its discretion when it imposed a non-Guidelines

5

sentence.  Finally, although his sentence of 120 months, as urged by Bean on appeal, is more than double the Guidelines range, "[b]y itself, this is insufficient to demonstrate substantive unreasonableness" because "[t]he Supreme Court has expressly rejected the use of mathematical formulas to gauge substantive unreasonableness." *United States v. Verkhoglyad*, 516 F.3d 122, 134 (2d Cir. 2008) (affirming substantive reasonableness of a sentence more than five times the upper end of the applicable policy statement range).  Only rarely will the "brevity or length of a sentence . . . exceed the bounds of reasonableness." *Id.* (internal quotation marks omitted).  Given Bean's history of violence and sexual abuse, and demonstrated recidivism and repeated disregard for the law, and since the district court adequately explained the chosen sentence, this is not one of the "exceptional cases" where the district court's decision "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189.

We have considered the remainder of Bean's claims and determined them to be without merit.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk