17-3602-cr
United States v. Vogler

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of February, two thousand nineteen.

PRESENT:
> ROSEMARY S. POOLER,
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*.

------------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                No. 17-3602-cr

JOHN VOGLER,

*Defendant-Appellant,*

LISA BENINCASA, MATTHEW NESBITT,

*Defendants.*

------------------------------------------------------------------------

FOR APPELLANT: ANNE M. BURGER, Federal Public Defender's Office for the Western District of New York, Rochester, New York.

FOR APPELLEE: TIFFANY LEE, Mary C. Baumgarten, Assistant United States Attorneys, *for* James P. Kennedy, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

Appeal from a final judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on November 1, 2017, is AFFIRMED.

Defendant John Vogler stands convicted, based on his guilty plea, of making materially false statements to a Special Agent of the U.S. Department of Veteran Affairs ("VA"), *see* 18 U.S.C. § 1001(a)(2), following Vogler's unlawful cashing of his deceased mother's monthly VA checks. Sentenced principally to eighteen months' imprisonment, Vogler challenges his above-Guidelines sentence as procedurally and substantively unreasonable. In reviewing a sentence for substantive and procedural reasonableness, we employ "a particularly deferential form of abuse-of-discretion review." *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (*en banc*). In doing so here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Procedural Error

A district court commits procedural error where it improperly calculates the Sentencing Guidelines range, fails to consider the factors enumerated in 18 U.S.C. § 3553(a), rests its sentence on a clearly erroneous finding of fact, or fails adequately to explain its chosen sentence. *See id.* at 190. The unobjected-to Presentence Report calculated Vogler's offense level at 4, which with a criminal history of V resulted in a 4-to-10 months Guideline range. The district court was required to consider this recommended range, *see* 18 U.S.C. § 3553(a)(4), but was not bound to follow it, *see United*

2

*States v. Booker*, 543 U.S. 220, 245–46 (2005); *United States v. Cavera*, 550 F.3d at 187. Because the district court adequately explained its reasons for departing upwardly from this calculation, we identify no procedural error in its imposition of a higher sentence.

The first sentencing factor highlighted by the district court was the nature of Vogler's offense, *see* 18 U.S.C. § 3553(a)(1), which it reasonably deemed aggravated by several circumstances, specifically that (1) Vogler lied to federal agents to conceal his own VA fraud; (2) the underlying criminal conduct was "not a one time occurrence," but persisted "over two or three years;" and (3) Vogler had involved others in his fraud, specifically, his girlfriend and her son. App'x 70–71.

A second factor highlighted by the district court was Vogler's "remarkably long" criminal history, spanning 30 years and including nine felony convictions, five instances of driving while intoxicated, and sixteen convictions or arrests for unlicensed operation of a motor vehicle. *Id.* The majority of Vogler's convictions were temporally too remote to factor into his Guidelines calculations, *see* U.S.S.G. § 4A1.2(e), or, as misdemeanor or other lesser offenses, excluded from consideration, *see id.* § 4A1.2(c). As a result, the district court determined that Vogler's Guidelines criminal history category of V did not adequately represent the seriousness of his persistent criminal history, *see id.* § 4A1.3(a), or his particular resistance to abiding by the law, *see* App'x 71 ("[I]t doesn't seem like you make any effort to change your behavior."). This was evident not only from the extent of Vogler's criminal conduct, but also from the fact that he continued to violate the law even when on probation or parole supervision. Indeed, the district court noted that Vogler's most recent conviction pertained to conduct—the unlicensed operation of a motor

3

vehicle—that occurred while Vogler was on pretrial release in the instant case and despite admonitions about driving from Pretrial officers. Thus, the district court concluded that an above-Guidelines sentence was necessary not only because the Guidelines "underrepresent[ed] the seriousness of [Vogler's] criminal history," but also "and, importantly," because of the "likelihood that he will commit other crimes." *Id.* at 74.

Vogler nevertheless identifies procedural error in the fact that the district court, while purporting to move "horizontally three levels" in fashioning its above-Guidelines sentence, in fact moved vertically. *Id.* Guideline § 4A1.3(a)(4)(A) states that, in departing for inadequacy of criminal history category, the district court should first move horizontally across the Guidelines sentencing table, "determin[ing] the extent of a departure . . . by using, as a reference, the criminal history category applicable to defendants whose criminal history . . . most closely resembles that of the defendant's." U.S.S.G. § 4A1.3(a)(4)(A). Where a court seeks to depart beyond criminal history category VI, however, it appropriately moves vertically "down the sentencing table to the next higher offense level in the Criminal History Category VI until it finds a guideline range appropriate to the case." *Id.* § 4A1.3(a)(4)(B).

Even if the district court did not strictly follow this procedure, Vogler cannot demonstrate that his sentence is procedurally unreasonable. Well before *Booker* pronounced the Guidelines advisory rather than mandatory, *see United States v. Booker*, 543 U.S. at 227, this court recognized that the referenced Guidelines departure procedure, endorsed by this court in *United States v. Tropiano*, 50 F.3d 157, 162 (2d Cir. 1995), admitted some flexibility. "A sentencing court considering an upward departure under

4

§ 4A1.3 is not required by our cases to pause at each category above the applicable one to consider whether the higher category adequately reflects the seriousness of the defendant's record." *United States v. Simmons*, 343 F.3d 72, 78 (2d. Cir. 2003). Instead, "as long as the reasons for such a departure are fully explained, a mechanistic, step-by-step procedure is not required." *Id.* (internal quotation marks omitted). This conclusion is only reinforced by the Supreme Court's post-*Booker* holdings, which require a district judge only to provide a "reasoned basis for exercising his own legal decisionmaking authority," *Rita v. United States*, 551 U.S. 338, 356 (2007), and recognize his authority to "depart" from the Guidelines "either pursuant to the Guidelines or, since *Booker*, by imposing a non-Guidelines sentence," *id.* at 350.

*United States v. Bean*, 299 F. App'x 55 (2d Cir. 2008), is not to the contrary because there the district court not only failed to follow the procedure set forth in U.S.S.G. § 4A1.3(a)(4) for calculating its upward departure, it also did not "settle on an amended Guidelines range" at all. *Id.* at 56–57. Here, in contrast, the district court settled on a range that could be supported by a horizontal departure to category VI followed by a vertical departure to offense level 6, as contemplated by U.S.S.G. § 4A1.3(a)(4)(B). *Cf. id.* at 57 n.2 (observing that following Guidelines procedure would not have supported challenged sentence).

In sum, the district court correctly calculated Vogler's Guidelines range and adequately explained its reasons for departure. In these circumstances, we do not identify any procedural error in the challenged sentence.

5

2.    Substantive Unreasonableness

In challenging his eighteen-month sentence as substantively unreasonable, Vogler bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases" where the challenged sentence cannot be located within the wide range of permissible decisions available to the district court, *United States v. Cavera*, 550 F.3d at 189, *i.e.*, where "the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law," *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).    That is not this case.

Before the district court, defense counsel presented various mitigating factors, including Vogler's age, health and financial situation, which the district court deemed outweighed by the above-described aggravating factors.    *See United States v. Perez-Frias*, 636 F.3d 39, 42–43 (2d Cir. 2011) (stating that reviewing court "will not second guess the weight (or lack thereof) that the judge accorded to a given factor" (internal quotation marks omitted)).    On this record, we cannot conclude that Vogler's eighteen-month sentence falls outside the "broad range" of sentences available to the district court so as to be considered substantively unreasonable. *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008).    We therefore reject Vogler's substantive challenge.

3.    Conclusion

We have considered Vogler's remaining arguments and find them to be without merit.    Accordingly, the judgment of conviction is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

6