12-1954-cr
*United States v. Carrasco*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand and thirteen.

PRESENT: JOHN M. WALKER, JR.,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
          *Circuit Judges*,

----

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                    12-1954

MANUEL CARRASCO,

                    *Defendant-Appellant*.

----

FOR APPELLANT:     James F. Greenwald, Assistant Federal
                   Public Defender, James P. Egan, Research
                   & Writing Attorney, *for* Lisa A. Peebles,
                   Federal Public Defender for the Northern
                   District of New York, Syracuse, NY.

FOR APPELLEE:      Carl G. Eurenius, Assistant United States
                   Attorney, Elizabeth S. Riker, Assistant
                   United States Attorney, *for* Richard S.
                   Hartunian, United States Attorney for the
                   Northern District of New York, Syracuse,
                   NY.

Appeal from the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the United States District Court for the Northern District of New York is **AFFIRMED.**

Defendant-Appellant Manuel Carrasco-Mateo ("Carrasco") appeals from a judgment by the United States District Court for the Northern District of New York (Suddaby, *J.*), sentencing him to 56 months' imprisonment for illegal re-entry. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We apply a "'deferential abuse-of-discretion standard'" in reviewing sentences for procedural and substantive unreasonableness. *See United States v. Pope*, 554 F.3d 240, 244 (2d Cir. 2009) (quoting *Gall v. United States*, 552 U.S. 38, 52 (2007)). We will find procedural error when, *inter alia*, a district court "rests its sentence on a clearly erroneous finding of fact" or "fails adequately to explain its chosen sentence" – particularly if the court departs from the Guidelines range. *United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (*en banc*). We will set aside a

district court's sentence for substantive unreasonableness "only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" *Id.* at 189 (quoting *United States v. Rigas*, 490 F.3d 208, 238 (2d Cir. 2007)).

Here, we find that the district court did not abuse its discretion in imposing a sentence toward the top end of the Guidelines range of 46-57 months. Carrasco argues that the district court committed procedural error by relying on unproven elements of a pending state charge. "A sentencing court is not limited to considering only evidence of the convicted offense [and] may take into account other relevant conduct." *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007). We recognize, however, that "facts relevant to sentencing must be found by a preponderance of the evidence," and that "an indictment or a charge within an indictment, standing alone and without independent substantiation, cannot be the basis upon which a criminal punishment is imposed." *Id*. at 701. In imposing its sentence, the court supported its reasoning that Carrasco "ha[dn't] gotten the message" by referencing the pending action, specifically, "the fact that there's a conflict

3

where the police have to be called," and the "severity" of an "altercation . . . with a weapon."

Certain aspects of the conduct leading to the state arrest were undisputed. To the extent that the district court may have considered aspects of the pending charges that were not proven by a preponderance of the evidence, the court committed procedural error; however, any error was harmless. *See* Fed. R. Crim. P. 52(a); *United States v. Mason*, 692 F.3d 178, 184 (2d Cir. 2012). Carrasco's sentence fell within the expected range. The court could have considered Carrasco's evasion of police to be sufficiently serious, or even found the case completely typical, and still sentenced Carrasco to 56 months. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007).

Carrasco also challenges his sentence on the grounds of substantive unreasonableness. Our review merely "provide[s] a backstop for those few cases [in which] . . . the sentence imposed was shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). While this Court has declined to adopt the doctrine that a within-Guidelines sentence is presumptively reasonable, "[w]e recognize that

4

in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances." *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006). In imposing Carrasco's within-Guidelines sentence, the district court cited its belief that Carrasco's conduct "show[ed] a complete disregard or lack of respect for the laws of this country."  Taking the relevant history as a whole, it cannot be said that the district court abused its discretion because Carrasco repeatedly entered the country illegally, was previously convicted of drug-trafficking, and dangerously attempted to evade the police.  We find that the district court's sentence was "located within the range of permissible decisions" and is thus substantively reasonable. *See Cavera*, 550 F.3d at 189 (internal quotation marks omitted).

Lastly, the potential applicability of the "Fast-Track" downward departure program was not raised at the district court by either the Government, defense counsel, or the court and is therefore waived.  To the extent that Carrasco raises an ineffective assistance of counsel claim, the record before us is insufficient to make a determination. We therefore decline to decide it on appeal.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk