06-2716-cr
United States v. Juwa

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

August Term 2007

(Argued: September 5, 2007      Decided: November 28, 2007)

Docket No. 06-2716-cr

-------------------------------------------------------x

UNITED STATES OF AMERICA,

Appellee,

-- v. --

ARTHUR JUWA,

Defendant-Appellant.

-------------------------------------------------------x

B e f o r e :  WALKER, CALABRESI, and SACK, Circuit Judges.

Appeal by Defendant Arthur Juwa from a judgment of conviction of one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B), challenging a sentence of 90 months' imprisonment, entered in the United States District Court for the Southern District of New York (Stephen C. Robinson, Judge).  Because it is unclear to what extent the district court based its sentencing enhancement on unsubstantiated charged conduct, we hold that the sentence was procedurally unreasonable.

VACATED AND REMANDED.

MALVINA NATHANSON, New York, N.Y., for Defendant-Appellant.

EUGENE INGOGLIA, Assistant United States Attorney, of counsel, (Katherine Polk

Failla, Assistant United States Attorney, of counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee.

JOHN M. WALKER, JR., Circuit Judge:

Defendant-Appellant Arthur Juwa, who pled guilty to one count of possession of child pornography, asks us to vacate and remand his sentence of 90 months' imprisonment because it was procedurally and substantively unreasonable. In this case, the recommended Sentencing Guidelines range was 24 to 30 months' imprisonment, which both parties agreed would be reasonable. The district court (Stephen C. Robinson, Judge), however, imposed a sentence of 90 months based, at least in part, on pending state charges against Juwa for sexual abuse of a minor. In declaring its reasons for the upward departure, the district court cited the fact that Juwa had engaged in sexual conduct with a minor child "on repeated occasions." Yet Juwa had indicated his intent to plead guilty only to one count of felony sexual abuse in the state case. Because it is unclear to what extent the district court impermissibly based its sentencing enhancement on unsubstantiated charged conduct, we hold that the sentence was procedurally unreasonable, and we vacate and remand for resentencing.

**BACKGROUND**

On February 16, 2005, while investigating allegations of sexual abuse of a minor in Rockland County, New York, state law enforcement officers conducted a search of Juwa's home and car. In his car, they found a laptop computer containing images of child pornography, at least one of which had been downloaded from the Internet. Juwa was charged federally with one count of receiving and distributing images containing child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B), and one count of possessing child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B).

On October 19, 2005, Juwa agreed to plead guilty in federal court to possession of child pornography. In calculating the applicable Sentencing Guidelines range, the parties and the Probation Office determined that under U.S.S.G. § 2G2.2, Juwa's base offense level was 18. A two-level increase for the use of a computer and a three-level decrease for acceptance of responsibility produced an adjusted offense level of 17. With a Criminal History Category of I, the resulting Guidelines range was 24 to 30 months' imprisonment. In the plea agreement, Juwa and the government agreed that they would not seek any downward or upward departures, respectively, and that a sentence within this range would be reasonable.

The Presentence Report ("PSR") prepared by the Probation

Office on December 20, 2005, noted that Juwa's laptop had been seized during the Rockland County investigation into charges of, inter alia, sexual abuse and sexual misconduct against a child ("the Rockland County case"). The PSR further noted that Juwa had been arrested on March 22, 2005, on the following state charges: course of sexual conduct against a child in the first degree (one count); criminal sexual act in the first degree (four counts); sexual abuse in the first degree (three counts); and endangering the welfare of a child (one count). The state indictment alleged that, on various dates between December 25, 2001 and December 31, 2004, Juwa had engaged in oral sexual conduct with his nephew, who was eight years old at the time of Juwa's arrest. According to the PSR, however, Juwa had not admitted to those allegations. The Probation Office ultimately recommended a term of 24 months' imprisonment, at the bottom of the Guidelines range, followed by three years' supervised release.

On January 26, 2006, Juwa appeared before the district court for sentencing. The district judge indicated that he had received and read defense counsel's submissions, which included letters in support of Juwa, as well as two "victim impact statements" submitted by Juwa's nephew and the nephew's mother through the U.S. Attorney's Office. Defense counsel objected to consideration of these letters because Juwa's nephew was not a

victim of the federal offense. The district judge stated that he would hear from both the defense and the prosecution, as well as from the nephew and the nephew's mother. If he decided to consider the latter's statements or to consider an upward departure, or both, he would adjourn the sentencing proceeding to give defense counsel an opportunity to respond.

After giving all relevant parties a chance to speak, the district judge stated that he would not consider the victim impact statements but that he would consider an upward departure. In particular, he was interested in the status and timeline of the Rockland County case, whether Juwa was going to plead guilty to those charges, and if and when he would be sentenced in that case. After asking the defense and the government "to contact their corresponding parties in the Rockland County case" and clarify these issues, the district judge adjourned the proceeding.

Sentencing resumed on May 9, 2006. The district judge began by noting that, in the interim, he had received a letter from the government indicating its understanding that the Rockland County case would not be resolved until after Juwa's federal sentencing; that Juwa intended to plead guilty to one count of felony sexual abuse; and that the anticipated sentence was five years' imprisonment, to run concurrently with his federal sentence. Defense counsel indicated that he had no objections to the

contents of the government's letter.

The defense then asked the district court to impose a sentence within the Guidelines range, citing the nature of the crime and Juwa's lack of criminal history, and stating that, "apart from the Rockland County matter, there is nothing that would warrant either a departure or stepping outside the guidelines in applying the sentence." The district court, however, stated that it could not look past the Rockland County case. In response, the defense argued that if the Rockland County case was taken into account, the district court should apply U.S.S.G. § 2G2.2(b)(5), which states: "If the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, increase by 5 levels." U.S.S.G. § 2G2.2(b)(5). A five-level increase would result in a Guidelines range of 41 to 51 months. The defense also acknowledged Application Note 6, which provides for an unspecified upward departure "[i]f the defendant engaged in the sexual abuse or exploitation of a minor at any time (whether or not such abuse or exploitation occurred during the course of the offense or resulted in a conviction for such conduct)," but argued that even under this provision, a five-level increase would be sufficient. U.S.S.G. § 2G2.2 Application Note 6.

The district judge then indicated that although he would not consider the disposition of the Rockland County case, he would

consider the underlying misconduct and would sentence "based on the information before me."  Prior to imposing the sentence, the district judge noted the relevant factors before him, including the recommended Guidelines range, the pending state charges, and the representation that Juwa would plead guilty to one count of felony sexual abuse.  He then discussed the factors that he was directed to consider pursuant to 18 U.S.C. § 3553(a), as well as the upward departure provisions of U.S.S.G. § 2G2.2(b)(5) and Application Note 6.  Regarding the Rockland County conduct, the district judge stated that "[t]his Court is permitted to consider this abuse, even though Mr. Juwa has not yet pled guilty in state court.  Considering this conduct, then, the Court imposes a guidelines sentence of 90 months," pursuant to Application Note 6.

In the alternative, the district judge stated that he would impose a non-Guidelines sentence of 90 months, given that there were no restrictions on the type of information a sentencing court could consider in arriving at an appropriate sentence.  But in describing his reasons for imposing this non-Guidelines sentence, the district judge stated that "Mr. Juwa has engaged in sexual conduct with a minor child.  He has done so on repeated occasions."  In addition to the term of imprisonment, the district judge ordered a three-year term of supervised release and a mandatory special assessment of $100.

Defense counsel objected to the sentence as excessive and pointed out that Juwa had not agreed to plead guilty to every count of the Rockland County indictment. To this, the district court replied, "I said he intended to plead to one count. . . . Sexual abuse." In the written judgment of conviction, the district court provided the following explanation for imposing a sentence outside the advisory Guidelines range: "The defendant, through his attorney, and the gov't informed the Court that the defendant was going to enter a plea of guilt to an aggravated sexual assault charge in State Ct. That charge was for molesting his nephew for 3 years from the ages of ≈ 7-10."

Juwa ultimately pled guilty to count six of the Rockland County indictment ("sexual abuse in the first degree"), in that he "subjected another person who was less than eleven years old . . . to sexual contact on December 25, 2001" in violation of New York Penal Law § 130.65. This appeal followed.

**DISCUSSION**

We review a district court's sentencing determination for reasonableness. United States v. Booker, 543 U.S. 220, 260-62 (2005). Reasonableness review has both a procedural and a substantive component; it involves "consideration not only of the sentence itself, but also of the procedures employed in arriving at the sentence." United States v. Fernandez, 443 F.3d 19, 26 (2d Cir. 2006); see also United States v. Rattoballi, 452 F.3d

127, 131-32 (2d Cir. 2006). "If a sentencing judge committed a procedural error by selecting a sentence in violation of applicable law, and that error is not harmless and is properly preserved . . . for review . . . , the sentence will not be found reasonable." United States v. Crosby, 397 F.3d 103, 114 (2d Cir. 2005) (citation omitted).

Juwa challenges his sentence on both procedural and substantive grounds. He argues that the district court committed procedural error when it did not adequately explain the reasoning behind its sentence, as required by 18 U.S.C. § 3553(c)(2), and when it relied on a fact concerning Juwa's other misconduct that had not been established by admission or by a preponderance of the evidence. Juwa further argues that the sentence was substantively unreasonable in light of his favorable background and the relatively minor nature of his offense. Because we agree that the sentence was procedurally unreasonable, we need not answer the question of substantive reasonableness. See id. at 114 ("[A] sentence would not be 'reasonable,' regardless of length, if legal errors, properly to be considered on appeal, led to its imposition.").

**I.  The District Court's Statement of Reasons**

Section 3553(c)(2) of Title 18 requires a sentencing judge to state in open court the reasons for imposing a particular sentence. If the sentence is outside the applicable Guidelines

range, the district court must state its reasons for deviating from the Guidelines "with specificity" in the written order of judgment. 18 U.S.C. § 3553(c)(2). As we have noted, the writing and specificity requirements serve the important purpose of facilitating effective review in the courts of appeals. See United States v. Jones, 460 F.3d 191, 197 (2d Cir. 2006) ("[I]t will generally be helpful to the reviewing court . . . to have the judge's statement of reasons for a sentence outside an applicable guideline conveniently set forth in the written order of judgment and commitment.").

In this case, the district judge discussed in open court the § 3553(a) factors that every sentencing judge must consider, including the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable Guidelines range, and the need for the sentence to serve the goals of retribution, deterrence, and incapacitation. See 18 U.S.C. § 3553(a). In the written order of judgment, the district court identified the following reasons for imposing a non-Guidelines sentence: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense"; "to afford adequate deterrence to criminal conduct"; and "to protect the public from further crimes of the defendant." To this point

the district judge's recitation of the sentencing reasons set forth in § 3553(a) was not objectionable, even though we have stated our preference that the reasons be tied to the facts of the case. See Rattoballi, 452 F.3d at 133, 138.

The problem arose when the district judge discussed the Rockland County conduct that figured into his decision to depart upwardly from the Guidelines. He stated that he was applying U.S.S.G. § 2G2.2 Application Note 6, which permits an upward departure if the defendant engaged in sexual abuse of a minor at any time. And twice, after noting Juwa's sexual misconduct with a minor, the district judge declared, "Considering this conduct, then, the Court imposes a . . . sentence of 90 months."

But there is uncertainty from both the sentencing transcript and the written order surrounding whether and to what extent the district judge based his sentencing enhancement on the assumption that Juwa had engaged in multiple instances of sexual abuse, as opposed to the single instance to which Juwa had anticipated pleading guilty in state court. Indeed, there is evidence in the record that the district judge was aware that Juwa intended to plead guilty to just one count in the indictment, but there is also evidence that he believed that Juwa had engaged in multiple instances of sexual abuse. In describing the circumstances relevant to sentencing, the district judge stated:

> [T]he government has informed me by letter dated February 27, 2006, a letter which defense counsel has received and

> agrees with, that the defendant's case in Rockland County is expected to be resolved with a guilty plea by the defendant to one count of felony sexual abuse after my sentencing today.

But immediately afterward, he stated, "Mr. Juwa's counsel has represented to this Court that Mr. Juwa will plead guilty to those charges." The district judge later reiterated, "Mr. Juwa has been charged with engaging in sexual conduct with a minor child, and will plead guilty to that offense when he is before another judge." But he went on to say, "Mr. Juwa has engaged in sexual conduct with a minor child. He has done so on repeated occasions. Considering this conduct, this Court imposes a nonguidelines sentence of 90 months." When defense counsel attempted to clarify that Juwa had not agreed to plead to every count in the Rockland County indictment, the district court indicated that it understood: "I said he intended to plead to one count." However, in the written statement of reasons, the district judge cited as a reason for his departure the fact that Juwa "was going to enter a plea of guilt to an aggravated sexual assault charge . . . for molesting his nephew for 3 years." In fact, consistent with his stated intention, Juwa ultimately pled guilty to just one instance of sexual contact with his nephew, on December 25, 2001. Thus, it is insufficiently clear whether the district court based its sentence on charged conduct that had neither been sufficiently established nor admitted to by the defendant. The confusion surrounding the basis for the district

-12-

court's determination rendered the sentence procedurally unreasonable, and a remand is necessary to resolve that uncertainty.

**II.  Reliance on an Unsubstantiated Fact**

If, as Juwa argues, the district court sentenced him in reliance on the assumption that Juwa had sexually abused a minor on more than one occasion, this reliance was improper on the record before us.  Because Juwa agreed to admit only to a single incident charged in the Rockland County indictment, and because the district court had ruled out reliance on the oral and written testimony of Juwa's nephew and the nephew's mother, the district court, as far as we can tell, was not presented with reliable substantiation for the remaining charges in the state indictment. Under such circumstances, a sentence enhancement based solely on unproven charges in an indictment would be improper.

A sentencing court is not limited to considering only evidence of the convicted offense; it may take into account other relevant conduct, see U.S.S.G. § 1B1.3 cmt. ("Conduct that is not formally charged or is not an element of the offense of conviction may enter into the determination of the applicable guideline sentencing range."), and even acquitted conduct, see United States v. Vaughn, 430 F.3d 518, 521 (2d Cir. 2005); see also Wasman v. United States, 468 U.S. 559, 563 (1984) (describing sentencing court's discretion to "consider any and

-13-

all information that reasonably might bear on the proper sentence for the particular defendant").

Nevertheless, there are distinct limits to this discretion, and they include a defendant's due process right to be sentenced based on accurate information. See United States v. Tucker, 404 U.S. 443, 447 (1972); see also Townsend v. Burke, 334 U.S. 736, 740-41 (1948) (noting that "whether caused by carelessness or design, [it] is inconsistent with due process of law" for a defendant to be sentenced based on assumptions concerning his criminal record that were materially untrue, when the defendant's sentence had been influenced by other criminal charges to which he had not pled guilty). As the Third Circuit stated in United States v. Matthews, "[f]actual matters considered as a basis for sentence must have 'some minimal indicium of reliability beyond mere allegation.'" 773 F.2d 48, 51 (3d Cir. 1985) (quoting United States v. Baylin, 696 F.2d 1030, 1040 (3d Cir. 1982)).

We have held that facts relevant to sentencing must be found by a preponderance of the evidence. Vaughn, 430 F.3d at 525; United States v. Concepcion, 983 F.2d 369, 388 (2d Cir. 1992). Here, the district judge applied the upward departure provision of U.S.S.G. § 2G2.2 Application Note 6 in imposing "a guidelines sentence of 90 months." In the alternative, he imposed "a nonguidelines sentence of 90 months" based, at least in part, on the Rockland county conduct. If he imposed this sentence based

-14-

on a finding that Juwa had sexually abused a minor on multiple occasions, that finding would have to have been substantiated by a preponderance of the evidence.  There was, however, no evidence of which we are aware to support that finding apart from the charges contained in the state indictment, and a bare-bones indictment, without more, is insufficient to support a factual underpinning for sentencing purposes.

It is axiomatic that in a criminal trial "an indictment is not evidence of guilt," nor may it alter the presumption of innocence with which every defendant is cloaked; it is "only a finding of probable cause that a crime has been committed." United States v. Romano, 706 F.2d 370, 374 (2d Cir. 1983) (emphasis added).  While the evidentiary standard at sentencing is more relaxed than at trial, and the burden of proof on the government is a preponderance of the evidence and not beyond a reasonable doubt, probable cause is a lower standard than preponderance of the evidence; it "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  United States v. Bakhtiari, 913 F.2d 1053, 1062 (2d Cir. 1990) (quoting Illinois v. Gates, 462 U.S. 213, 243 n.13 (1983)).  Moreover, an indictment is not meant to serve an evidentiary function.  Its primary purpose is to "acquaint the defendant with the specific crime with which he is charged," United States v. Berlin, 472 F.2d 1002, 1007 (2d Cir. 1973)

-15-

(internal quotation marks and citation omitted), allow him to prepare his defense, and protect him from double jeopardy, United States v. Doe, 297 F.3d 76, 87 (2d Cir. 2002); see also United States v. Dhinsa, 243 F.3d 635, 667 (2d Cir. 2001) (describing notice function); United States v. D'Anna, 450 F.2d 1201, 1204 (2d Cir. 1971) (notice and protection from double jeopardy).

We therefore adhere to the prescription that at sentencing, an indictment or a charge within an indictment, standing alone and without independent substantiation, cannot be the basis upon which a criminal punishment is imposed. Some additional information, whether testimonial or documentary, is needed to provide evidentiary support for the charges and their underlying facts.

Given that Juwa intended to plead guilty, and ultimately did plead guilty in state court, to only one instance of sexual abuse, and given the lack of reliable independent information to support the other charges in the state indictment, it was impermissible for the district court to simply assume the multiple charges to be true and to enhance Juwa's sentence accordingly. As we have discussed, however, it is unclear from the record whether the district court did rely on the assumption that Juwa had engaged in sexual misconduct on more than one occasion. Therefore, we remand the case to the district court with instructions to resentence the defendant consistent with

this opinion and to make clear the basis upon which the sentence rests.

## CONCLUSION

For the foregoing reasons, the judgment of sentence is VACATED and the case is REMANDED for resentencing.