15-1017-cr
United States v. De Rivas

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of January, two thousand sixteen.

PRESENT: REENA RAGGI,
               DENNY CHIN,
               CHRISTOPHER F. DRONEY,
                     *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,
               *Appellee*,

         v.                            No. 15-1017-cr

NORBERTO DE RIVAS, AKA Abraham Rivas-Rios, AKA Luis Alcalar Vasquez,
               *Defendant-Appellant*.

-----------------------------------------------------------------------

APPEARING FOR APPELLANT:      PATRICK J. BROWN, Losi & Gangi, Buffalo, New York.

APPEARING FOR APPELLEE:      JOSEPH J. KARASZEWSKI, Assistant United States Attorney, *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, New York.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Richard J. Arcara, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on April 2, 2015, is AFFIRMED.

Defendant Norberto De Rivas, who defrauded various branches of the Home Depot across 17 states of a total of $77,577.90 by using false bar codes to purchase items and false driver's licenses to make fraudulent returns, appeals his 72-month prison sentence, an upward departure from his 37-to-46-month Guidelines range. De Rivas asserts that the sentence is substantively unreasonable because the district court relied on arrests and pending charges, unreasonably found his criminal history to be understated, and placed undue weight on his tattoo of a bar code on the back of his neck. The claimed errors must be classified as procedural. See United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008) (en banc) (discussing errors in Guidelines calculation and understanding of departure authority as procedurally unreasonable); id. ("A district court commits procedural error where it . . . rests its sentence on a clearly erroneous finding of fact."); United States v. Juwa, 508 F.3d 694, 698–700 (2d Cir. 2007) (analyzing reliance on unproven criminal charges under procedural unreasonableness). Because De Rivas failed to raise these objections at his sentencing, our procedural review is limited to plain error. See United States v. Zillgitt, 286 F.3d 128, 131 (2d Cir. 2002). While we have not decided whether plain error review applies to an unpreserved substantive challenge, see United States v.

Thavaraja, 740 F.3d 253, 258 n.4 (2d Cir. 2014), De Rivas fails, in any event, to demonstrate abuse of discretion, see United States v. Cavera, 550 F.3d at 189 ("We will . . . set aside a district court's substantive determination only in exceptional cases where the trial court's decision 'cannot be located within the range of permissible decisions.'" (emphasis in original) (quoting United States v. Rigas, 490 F.3d 208, 238 (2d Cir. 2007))). In conducting our review, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Consideration of Arrests and Charges

De Rivas contends that the district court erred in referencing his "pending cases" and "numerous warrants outstanding" in the midst of its lengthy sentencing discussion of his criminal history. See J.A. 126. He is wrong. While a sentencing enhancement cannot be based solely on unproved charges in an indictment, see United States v. Juwa, 508 F.3d at 700, the mere mention of such charges in a discussion of criminal history otherwise focused on the defendant's lengthy record of convictions, see J.A. 126–28, does not constitute error, let alone plain error, see United States v. Matta, 777 F.3d 116, 124 (2d Cir. 2015).

2.    Criminal History

De Rivas argues that the district court impermissibly found Category V to understate his criminal history. This argument conflates a district court's narrower

authority to depart horizontally within the Guidelines framework, see U.S.S.G. § 4A1.3; United States v. Preacely, 628 F.3d 72, 80 (2d Cir. 2010); United States v. Gayle, 389 F.3d 406, 409 (2d Cir. 2004), with its broader discretion to vary from the Guidelines to satisfy the sentencing objectives of 18 U.S.C. § 3553(a), see United States v. Cavera, 550 F.3d at 189. Nothing in the record suggests that the district court misunderstood its sentencing authority or improperly applied a Guidelines enhancement; rather, it chose to sentence outside the Guidelines framework upon consideration of the § 3553(a) factors. Accordingly, we reject this challenge on the merits.

3.    Defendant's Tattoo

As for the district court's consideration of De Rivas's bar-code tattoo, because this was reflective of the modus operandi of the crime of conviction, we identify no error in its consideration. See 18 U.S.C. § 3553(a) (directing consideration of "nature and circumstances of the offense" and "characteristics of the defendant"); id. § 3661 (stating that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"); see also United States v. Alvarado Perez, 609 F.3d 609, 617–18 (4th Cir. 2010) (rejecting procedural challenge to court's § 3553(a) consideration of tattoo associated with gang membership); United States v. Spotted Elk, 548 F.3d 641, 671 (8th Cir. 2008) (upholding finding of knowledge of scope of conspiracy based in part on tattoo).

4

4.    Substantive Reasonableness

De Rivas having failed to demonstrate any error in the three ways specified, his 72-month sentence cannot be held substantially unreasonable given the sophistication and geographic scope of his criminal behavior, his extensive criminal history, and the personal characteristics identified by the district court.   This is not an "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions."   United States v. Cavera, 550 F.3d at 189 (internal quotation marks omitted); see United States v. Jones, 531 F.3d 163, 180–82 (2d Cir. 2008) (recognizing broad range of sentences reaching beyond Guidelines that can be held substantively reasonable).

5.    Conclusion

We have considered De Rivas's remaining arguments, and we conclude that they are without merit.   Accordingly, the judgment of the district court is AFFIRMED.

                              FOR THE COURT:
                              CATHERINE O'HAGAN WOLFE, Clerk of Court

5