*United States v. Deppert*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of March, two thousand twenty-one.

PRESENT:
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> > *Circuit Judges*.

---

United States of America,

> *Appellee*,

> v.                                                              19-3042

John Deppert,

> *Defendant-Appellant*.

---

FOR APPELLEE:                          AMANDA S. OAKES, (Sandra S. Glover, *of counsel*), Assistant United States Attorney, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

FOR DEFENDANT-APPELLANT:　　　　　　　JAMES P. MAGUIRE, Assistant Federal Defender, *for* Terence S. Ward, Federal Defender, District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED** and the case is **REMANDED** for re-sentencing.

Defendant John Deppert appeals from a judgment, entered on September 17, 2019, by the district court. Deppert pled guilty to theft of government property, in violation of 18 U.S.C. § 641, in connection with his impersonation of his sister after her death, so that he could continue to collect her Veterans Administration Benefits. On appeal, Deppert argues that his sentence is procedurally and substantively unreasonable. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

At sentencing, the parties and the district court agreed that Deppert's total offense level was 10, which, with his Criminal History Category of I, resulted in an advisory range of six to twelve months' imprisonment, and fell within Zone B of the United States Sentencing Guidelines (the "Guidelines"). The district court sentenced Deppert to six months' imprisonment, followed by two years' supervised release. Additionally, the district court ordered that Deppert pay restitution in the amount of $72,292, payable at a rate of no less than $100 per month. Deppert appealed that sentence. By government motion, and with Deppert's consent, we remanded to "permit the district court to clarify whether it considered an impermissible sentencing factor – the cost of home-confinement – in imposing [Deppert's] sentence." On remand, in a Notice Regarding

the Court's Sentencing Considerations (the "Supplemental Statement"), the district court stated that it "did not consider the cost of home confinement in sentencing [Deppert]" and provided additional reasoning regarding the basis for its conclusion that the six-month custodial sentence was warranted. Following the issuance of the Supplemental Statement, Deppert maintained on appeal his procedural and substantive challenges to the sentence of imprisonment.

In our procedural and substantive review of a sentence imposed by a district court, we apply a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (*en banc*) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). A district court commits procedural error where it (1) "fails to calculate the Guidelines range," (2) "makes a mistake in its Guidelines calculation," (3) "treats the Guidelines as mandatory," (4) "does not consider the [18 U.S.C.] § 3553(a) factors," (5) "rests its sentence on a clearly erroneous finding of fact," or (6) "fails adequately to explain its chosen sentence." *Id.* at 190.

As set forth below, although the district court's clarification on remand confirms that the cost of home confinement was not considered in imposing Deppert's sentence, we conclude that procedural errors regarding the Guidelines and certain facts relied upon by the district court at sentencing require remand and re-sentencing.[1]

### A. The Guidelines Range and Non-Custodial Options

With respect to the Guidelines, the district court stated on two separate occasions, in imposing the sentence of six months' imprisonment and rejecting the joint recommendation by the parties of a non-custodial sentence, that it did not find any basis to depart or vary from the advisory

---

[1] As a threshold matter, the government argues that we should apply plain error review to at least some of the procedural issues raised on appeal. After reviewing the record, we disagree. Deppert sufficiently articulated to the district court the procedural errors at issue here, both in terms of the application of the Guidelines and the foundation for the district court's factual finding regarding Deppert's pattern of dishonesty. Thus, we decline to apply plain error review.

Guidelines range of six to twelve months' imprisonment. *See* Joint App'x at 118 ("And the Court sees nothing in the nature of the offense or the Defendant's history or characteristics, his need for educational or vocational training, medical care or corrective treatment that would warrant a departure from the recommended guideline sentence which, though not mandatory, is normally within the heartland and deems [sic] reasonable."); *see also id*. at 123 ("I understand that [a Guidelines sentence] is not always a reasonable sentence, but generally it is a reasonable sentence unless there is a basis to depart upward or downward or to vary. And as I indicated previously, I see no reason to do that whatsoever in this particular case."). In doing so, the district court seemed to suggest that six months' imprisonment was the lowest available sentence pursuant to the applicable advisory range and that a departure or variance would therefore be required to sentence Deppert to a probationary sentence with a period of home detention or community confinement (as suggested by both sides).

The district court's understanding was incorrect. More specifically, because Deppert's advisory range was within Zone B of the Guidelines sentencing table, a sentence of probation (if it included at least six months of home detention or community confinement) would, in fact, have been a Guidelines sentence. *See* U.S.S.G. § 5C1.1(c)(3), (e)(2), (e)(3); *id*. § 5F1.2 ("Home detention may be imposed as a condition of probation or supervised release, but only as a substitute for imprisonment."). Accordingly, we conclude that the district court's rejection of the proposed option of probation (with home confinement) may have been premised on an erroneous view that such an option would have resulted in a sentence outside the otherwise applicable Guidelines range.[2]

---

[2] We note that some of the ambiguity may have been created by the fact that, although the Presentence Report ("PSR") noted that probation with a period of community confinement or home confinement was an available option under the advisory Guidelines because the applicable range was in Zone B, it later stated in a section that identified factors that may warrant a non-Guidelines sentence that "[t]he Court may wish

We were confronted with an analogous situation in *United States v. Thorpe*, 191 F.3d 339 (2d Cir. 1999), where the defendant's Guidelines range was zero to six months, Zone A. In imposing the sentence of six months' imprisonment, the district court noted that it was "not granting a departure," because "[a]lthough I have the authority, it is not warranted." *Id*. at 342 (citation omitted). Based upon that record, we agreed with the defendant that "the most reasonable interpretation to be placed upon the district judge's remarks is that the judge believed the sentencing guidelines required a downward departure before he could impose a non-custodial sentence of probation." *Id*. We noted that such an interpretation of the judge's remarks "reveals an error of law" because, as the offense level was within Zone A, "the guidelines authorized a probationary sentence for [the defendant] without the necessity of a downward departure." *Id*.

Here, like *Thorpe*, we conclude that the district court's statements were "erroneous at worst and ambiguous at best." *Id*. Although we do not view this as a misapprehension of legal authority to impose home detention or a wholesale failure to consider the kinds of sentences available under 18 U.S.C. § 3553(a), it does raise a substantial concern regarding the district court's "misperception about the[] relevance" of the Guidelines to the assessment of such options in this case, and thus constitutes procedural error. *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005); *see also Thorpe*, 191 F.3d at 343 (noting that, even though the district court did not believe it lacked authority to depart, there was a belief that the court needed to downwardly depart to sentence the defendant to probation and "[t]here is no difference in principle between these two possible failures of understanding" and "[e]ach requires remand for resentencing").

To the extent that Deppert argues that there were additional procedural errors with respect to the district court's consideration of the home detention option, we disagree. At sentencing, the

---

to consider that Mr. Deppert was last arrested 26 years ago, he has no criminal history points, and has never served a period of incarceration." PSR ¶ 79.

district court noted, "I am not inclined to order home confinement because I know that – well first of all, I think it's unduly burdensome to probation . . . . Our probation officers have far more important things to do than to monitor the comes [sic] and goings and variable work schedules of individuals." Joint App'x at 95. Notwithstanding that the district court made clear on remand in its Supplemental Statement that it had not relied upon the cost of home confinement in determining Deppert's sentence, Deppert suggests there is still ambiguity about improper reliance on the cost of home detention. More specifically, Deppert contends that the district court's remarks at sentencing did not indicate any issue regarding the absolute cost of home detention (as addressed in the Supplemental Statement), but rather a concern about who would bear such cost or burden – namely, the Probation Department – and the Supplemental Statement did not address whether that concern played a role in the sentencing decision. We do not think the district court's Supplemental Statement left any ambiguity on this issue as it relates to the district court's reasoning for the ultimate sentence and, as we are remanding because of other procedural errors, we remain confident that the district court will not consider the cost of home confinement, or any burden on the Probation Department in administering home confinement, in deciding on remand whether or not to impose a custodial sentence.

## B. Facts Relied Upon at Sentencing

With respect to the facts relied upon by the district court in arriving at the sentence, Deppert contends that the district court based its finding of Deppert's "history of dishonesty," at least in part, on facts that were not supported by the record. Joint App'x at 117. We agree. The district court noted Deppert's criminal history on several occasions during the sentencing, and referenced consideration of multiple offenses. *See* Joint App'x at 116 ("Here the Defendant has prior offenses for dishonest conduct."); *see also id.* at 93 ("[Y]ou were previously convicted of forgery for which

you received a conditional discharge. And you've had other arrests for crimes of dishonesty involving misappropriation of funds. So there's a pattern here."). In response to a defense objection, the district court made clear that it knew that Deppert's only conviction for a crime of dishonesty was from 1993 (namely, a conviction for forgery in the third degree, which resulted in a conditional discharge). *See* Joint App'x at 123 ("I understand that his conviction for [a] crime of dishonesty was in 1993."). Notwithstanding this clarification regarding the conviction, it does appear that the district court may have also considered underlying conduct for arrests over four decades ago – namely, petty larceny in 1976 and third-degree possession of stolen property in 1975 – that did not result in convictions. *See generally United States v. Juwa*, 508 F.3d 694, 701 (2d Cir. 2007) (noting, in connection with unproven prior charges, that we "adhere to the prescription that at sentencing, an indictment or a charge within an indictment, without independent substantiation, cannot be the basis upon which a criminal punishment is imposed" and "[s]ome additional information, whether testimonial or documentary, is needed to provide evidentiary support for the charges and their underlying facts"). Moreover, although the district court mentioned an arrest involving "misappropriation of funds," the PSR contains no details regarding the two arrests in the 1970s that would support that reference. Thus, under these circumstances, it appears that the district court's finding regarding a pattern of dishonesty may have been, in part, based upon an erroneous view of Deppert's criminal record which, in fact, consisted of one conviction for dishonesty over twenty years prior to the instant offense, and Deppert had no convictions (or arrests) since that time.

We have similar concerns about the district court's consideration of Deppert's failure to notify his employer of his guilty plea as part of a pattern of dishonesty. In particular, the district court noted that "Mr. Deppert didn't tell his employer about this pending case, which is dishonest

. . . ."[3]  Joint App'x at 116.  However, there is nothing in the record indicating that Deppert was legally required to notify his employer of the instant conviction, nor did the district court order him to do so.  *See generally United States v. Doe*, 79 F.3d 1309, 1323 (2d Cir. 1996) (noting that, to require employment-related notification, district court must "make the findings, required under the statute and the Guidelines, that ordering [the defendant] to notify his [tax-preparation] clients of his [tax-related] conviction is reasonably necessary to protect the public and that such notification is the minimum occupational restriction needed to protect the public").  In fact, defense counsel explained at the second day of the sentencing proceeding, in response to the district court's questions on this issue at the prior proceeding, that he had consulted with the Probation Department and counsel did not believe that such a disclosure by Deppert to his employer was necessarily going to be required if he received no term of imprisonment.  *See* Joint App'x at 106-07 ("I've consulted with probation.  My understanding is generally that supervisees are not expected to necessarily disclose their offense to employers.  And so while Mr. Deppert has consulted with probation about how to proceed should a prison sentence be imposed here, at this point he has deferred any notification to his employer in the hope of being able to continue in that work and to – concurrent with that, continue in his payment of restitution at the pace he has now set.").  Therefore, Deppert's failure to notify his employer of the instant conviction cannot be found to be dishonest on this record and should not have been considered as part of the basis for the sentence imposed.

### C.  Harmless Error

We have previously emphasized that "[w]here we identify procedural error in a sentence, but the record indicates clearly that the district court would have imposed the same sentence in

---

[3] At the time of sentencing, Deppert was working as a part-time mental health assistant at a hospital in Massachusetts.

any event, the error may be deemed harmless, avoiding the need to vacate the sentence and to remand the case for resentencing." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks and citation omitted). To be sure, the district court explained its reasoning as to the six-month sentence, in reference to the Section 3553(a) factors, both at the time of sentencing and in its Supplemental Statement. Moreover, the district court's finding of Deppert's "pattern of dishonesty" rested on additional facts beyond those that we find unsupported by the record.

Notwithstanding the district court's other stated reasons for its sentence, we cannot conclude that the procedural errors were harmless. Given the competing Section 3553(a) factors at issue here, it is far from clear that the district court would have imposed a custodial sentence had it not relied on these erroneous facts, particularly in light of the mitigating circumstances that Deppert highlighted, and the government's agreement that a non-custodial sentence was appropriate in this case. The ambiguity as to the effect of these errors is compounded by the fact that the district court appeared to believe that imposing a non-custodial sentence (with home detention) would have amounted to a downward variance.

Thus, we conclude that remand is warranted. In so doing, "[w]e express no view as to the substantive reasonableness of the sentence imposed below, or on what sentence should be imposed on remand." *United States v. Moreno*, 821 F.3d 223, 230 n.7 (2d Cir. 2016). Rather "we simply decline to take the risk that the sentencing judge did not fully appreciate [her] options, a particularly important safeguard when what is really at risk is an individual's liberty." *Thorpe*, 191 F.3d at 344 (internal quotation marks and alteration omitted).

\*                    \*                    \*

Accordingly, we **VACATE** the sentence imposed by the district court and **REMAND** for re-sentencing consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court