24-2978-cr
*United States v. Gregory*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand twenty-five.

Present:

> GUIDO CALABRESI,
> BARRINGTON D. PARKER, JR.,
> WILLIAM J. NARDINI,
> *Circuit Judges*.

---

UNITED STATES OF AMERICA,

> *Appellee*,

v.                                                             24-2978-cr

DESHAUN GREGORY,

> *Defendant-Appellant*.

---

| | |
|---|---|
| For Appellee: | DOMINIC A. GENTILE, Jacob R. Fiddelman, Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |
| For Defendant-Appellant: | SARAH BAUMGARTEL, Assistant Federal Defender, Federal Defenders of New York, Inc., New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *District Judge*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Deshaun Gregory appeals from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *District Judge*) entered on November 4, 2024, revoking his supervised release. Gregory pleaded guilty in 2018 to one count of possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), for which the district court (William H. Pauley III, *District Judge*) sentenced him to sixty-five months in prison followed by three years of supervised release. He completed his custodial sentence and began his term of supervised release on October 17, 2022. He then violated the conditions of his supervised release several times, and he was arrested three times at the state level between March 2023 and June 2024. After the third arrest, the Probation Department filed a violation report in August 2024, which charged Gregory with eleven violations of his supervised release. During a hearing before the district court on November 4, 2024, Gregory conceded the charges that he had used controlled substances, failed to comply with his home detention conditions, failed to report to his Probation officer, and failed to notify his Probation officer of an arrest; the government agreed to dismiss the remaining charges, which related to the new state arrests and criminal charges. The district court sentenced him to fourteen months in prison, with twenty-two months of supervised release to follow. Gregory appeals, arguing that his sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the case.

We review the procedural and substantive reasonableness of a sentence "under a deferential abuse-of-discretion standard." *United States v. Yilmaz*, 910 F.3d 686, 688 (2d Cir. 2018).[1] "This

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases,

2

standard incorporates *de novo* review of questions of law, including our interpretation of the Guidelines, and clear error review of questions of fact." *Id.*

### I. Procedural Reasonableness

Gregory argues that the district court committed two procedural errors in determining his sentence. First, he argues that the district court improperly based his sentence on the fact that he had been arrested three times while on supervised release and on unproven allegations made in connection with those arrests. Second, he argues that the district court erred by considering the "retributive" factors listed in 18 U.S.C. § 3553(a)(2)(A), reasoning that, pursuant to 18 U.S.C. § 3583(e), those factors may not be considered in the context of revoking supervised release. Appellant's Br. 30–31. When a sentencing objection is not raised below, we review for plain error, meaning "(1) there must be an error; (2) the error must be clear or obvious; (3) the error must have affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Ortiz*, 100 F.4th 112, 120 (2d Cir. 2024). While the district court may have erred in relying on Gregory's arrest record for sentencing, we find that any possible error does not amount to plain error. We discern no error, plain or otherwise, as to the second of Gregory's contentions.

A defendant has a "due process right to be sentenced based on accurate information." *United States v. Juwa*, 508 F.3d 694, 700 (2d Cir. 2007). A district court therefore commits procedural error when it bases a sentence on unsubstantiated allegations or unproven charges. *Id.* at 700–01. An arrest or a criminal charge, "standing alone and without independent substantiation, cannot be the basis upon which a criminal punishment is imposed. Some additional information, whether testimonial or documentary, is needed to provide evidentiary support for the charges and

footnotes, and citations are omitted.

3

their underlying facts." *Id.* at 701. In other words, a district court may not merely assume the truth of the factual allegations underlying an arrest or charge; rather, it must find that the allegations, like any other putative facts upon which it intends to base a sentence, are "substantiated by a preponderance of the evidence." *Id.*

The record offers no basis for concluding that the district court improperly assumed the truth of the allegations made in connection with Gregory's arrests while on supervised release. The district court explained that its sentence rested on, among other factors, the number and seriousness of Gregory's violations, the fact that the violations constituted a breach of the trust that the district court had placed in him in imposing a below-Guidelines sentence on the underlying conviction, and his "extensive criminal history," which "included violent conduct." App'x 79–81.

On the other hand, the district court does appear to have relied on Gregory's state arrest record in sentencing him. Throughout sentencing, the district court repeatedly mentioned Gregory's state arrests. While some of these references might have been in relation to Gregory's failure to report an arrest, which was one of his admitted specifications, at one point, the court went out of its way to highlight Gregory's arrest record, separate and apart from his failure to report his arrests: "The violation that you admitted to in connection with Specification Seven was failing to report an arrest. But part and parcel of that violation is that you were arrested for further criminal conduct while you were on supervised release and that happened not just once, but multiple times." App'x 80. *Juwa* held that the evidentiary standards used for arrests are insufficient to prove a fact relied upon at sentencing. 508 F.3d at 700–01. If an arrest cannot be used to prove criminal conduct for sentencing purposes (due to a lack of evidentiary rigor), then the arrest itself certainly cannot serve as meaningful evidence of criminality or culpability. Other circuits have held as much. *See, e.g.*, *United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011)

4

("[I]t is error for a district court to consider a defendant's bare arrest record at sentencing."); *United States v. Mateo-Medina*, 845 F.3d 546, 552 (3d Cir. 2017) ("[T]he District Court's consideration of Mateo-Medina's record of prior arrests that did not lead to conviction was plain error under the circumstances here."). To the extent the district court may have relied on Gregory's state arrest record in his sentencing, that would have been error. However, we conclude that such an error, even if it occurred, did not seriously affect the fairness and integrity of the judicial proceedings and thus does not amount to plain error. Setting aside the mentions of the arrests, the district court otherwise produced sufficient reasons for Gregory's sentence. For that reason, we decline to exercise our discretion to vacate the sentence here.

Gregory's second procedural argument is also unavailing. Section 3583(e), which governs revocation of supervised release, provides that a district court must "consider[] the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." Gregory contends that because this provision omits Section 3553(a)(2)(A), a district court may not consider the factors listed therein—namely, the need "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." Gregory's argument fails as a legal matter because—as he concedes—in *United States v. Williams*, we observed that "Section 3583 does not state that any particular factor cannot be considered," and we therefore "interpret[ed] § 3583(e) simply as requiring consideration of the enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors." 443 F.3d 35, 47 (2d Cir. 2006). But irrespective of *Williams*, this argument also fails as a factual matter: The record belies Gregory's argument that the district court considered the Section 3553(a)(2)(A) factors. Indeed, when imposing the fourteen-month sentence, the district court stated: "I find that that sentence is sufficient, but not greater than necessary to satisfy the sentencing purposes set forth in

5

3553(a)(2)(B) through (D)." App'x 81–82. The district court's express omission of Section 3553(a)(2)(A) indicates that it chose not to consider that subsection.[2]

## II. Substantive Reasonableness

Gregory also argues that his sentence is substantively unreasonable because the district court failed to account for the role that mental illness played in his violations. When reviewing a sentence for substantive reasonableness, we analyze the "totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016). "A sentence is substantively unreasonable if it cannot be located within the range of permissible decisions, if it shocks the conscience, or if it constitutes a manifest injustice." *United States v. Williams*, 998 F.3d 538, 542 (2d Cir. 2021).

The record shows that the district court carefully considered the applicable Section 3553(a) factors and reasonably weighed the aggravating and mitigating factors. The district court explained that it had "spent a lot of time thinking about the fact that [Gregory] obviously had a very difficult upbringing," noting that he was "born in prison while [his] mother was incarcerated . . . and raised around drug abuse and violence." App'x 80. And contrary to Gregory's argument, the district court acknowledged that Gregory's "serious mental health challenges" played a role in his criminal history. *Id.* Nonetheless, the district court determined that a fourteen-month sentence, the high end of the Guidelines range, was warranted based on the number and seriousness of Gregory's violations and his extensive criminal history, among other factors. Considering the record in its entirety and affording due deference to the district court, we cannot say that the district

---

[2] Gregory also argued in his brief that the district court improperly modified the sentence by specifying in the written judgment (but not orally) that the term of imprisonment would run consecutively to any future sentence that might be imposed in Gregory's pending state case. He has since notified the Court that his state case has been resolved without a prison sentence and that he wishes to withdraw this argument. We therefore do not reach it.

court abused its discretion by imposing a fourteen-month sentence.

\* \* \*

We have considered Gregory's remaining arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk