09-4705-cr
USA v. Adams

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of November, two thousand ten.

Present:
 JOSEPH M. McLAUGHLIN,
 ROBERT A. KATZMANN,
 PETER W. HALL,
  *Circuit Judges.*
_____

UNITED STATES OF AMERICA,

 *Appellee*,

  v.   No. 09-4705-cr

MARCUS ADAMS,

 *Defendant-Appellant*.
_____

| | |
|---|---|
| For Appellant: | David A. Lewis, Federal Defenders of New York, Inc. Appeals Bureau, New York, NY |
| For Appellee: | William Campos, Assistant United States Attorney (Susan Corkery, Assistant United States Attorney, *of counsel*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY |

Appeal from a judgment of conviction by the United States District Court for the Eastern District of New York (Seybert, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

On October 21, 2008, Defendant-Appellant Marcus Adams was indicted for: (1) illegal reentry of a removed alien into the United States in violation of 8 U.S.C. § 1326(a); (2) possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1); and (3) possession of a firearm by an illegal alien in violation of 18 U.S.C. § 922(g)(5)(A). On March 30, 2009, Adams pleaded guilty pursuant to a plea agreement to possession of a firearm by a felon (Count 2). Subsequent to a *Fatico* hearing in which the district court concluded that there was probable cause for the defendant's arrest for assault in the first degree and that the defendant had not obstructed justice by use of his false Canadian driver's license, the district court sentenced the defendant principally to 63 months' imprisonment. On appeal, Adams primarily argues that the sentence was procedurally and substantively unreasonable. We assume the parties' familiarity with the additional relevant facts and procedural history of the case.

In light of the Government's concession that the plea agreement's appeal waiver is unenforceable, we proceed directly to reviewing the sentence for procedural and substantive reasonableness. In so doing, we are generally obligated to review a criminal sentence under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted), *cert. denied*, 129 S. Ct. 2735 (2009). As to the substantive reasonableness of a sentence, we set aside a district court's sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks omitted). However, "[t]his degree of

2

deference is only warranted . . . once we are satisfied that the district court complied with the . . . procedural requirements." *Id.* (emphasis omitted). A district court commits procedural error where it, *inter alia*, "fails to calculate the Guidelines range . . . , makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory." *Id.* at 190.

Upon review of the record, we are satisfied as to the procedural and substantive adequacy of the sentence. Adams's argument that the district court committed procedural error rests primarily on the fact that the district court did not state on the record that the Guidelines range for Adams's offense and criminal history was 30-37 months' imprisonment, though it did refer to the recommendation of the Probation Office that he be sentenced to a term of 48 months. In assessing this challenge, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006); *see also United States v. Keller*, 539 F.3d 97, 101 (2d Cir. 2008) ("We have disavowed formulaic requirements and 'robotic incantations' for discharging a court's duties during sentencing . . . ." (citations omitted)). Here, although the sentencing transcript contains no explicit mention of the 30-37 months' Guidelines range, the district court expressly and accurately recited Adams's offense level and criminal history under the Guidelines. And while the district court did refer to the Probation Office's recommendation that a 48-month sentence be imposed, there is no reason to infer from this reference that the district court improperly anchored its Guidelines calculation or exercise of sentencing discretion in this recommendation. We thus adhere to the presumption that the district court properly considered the factors set forth in 18 U.S.C. § 3553(a), including "the kinds of sentence and the sentencing range established for . . . the applicable category of offense

3

committed by the applicable category of defendant as set forth in the guidelines," *id.* §

3553(a)(4).

Adams also argues that the district court impermissibly based its sentence on the terms of

the appeal waiver in Adams's plea agreement, which recited in relevant part that Adams waived

his right to appeal his sentence "if the Court imposes a term of imprisonment of 63 months or

below." However, the district court did not refer to the terms of this waiver until after imposing

the sentence, and there is no basis in the record to conclude that the Guidelines calculation

contained in the plea agreement in any way affected the sentence that the court imposed.

Finally, insofar as Adams challenges the substantive reasonableness of his above-

Guidelines sentence, we easily find that the sentence here was not "manifestly unjust,"

"shockingly high," or "otherwise unsupportable as a matter of law." *United States v. Rigas*, 583

F.3d 108, 122-23 (2d Cir. 2009). In light of the aggravating factors it found regarding Adams's

additional criminal conduct and lack of rehabilitation, the district court did not abuse its

discretion by imposing an above-Guidelines sentence of 63 months' imprisonment.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4