16-2345-cr
United States v. Brown

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of May, two thousand seventeen.

PRESENT: REENA RAGGI,
SUSAN L. CARNEY,
*Circuit Judges*,
LEWIS A. KAPLAN,
*District Judge*.[*]

------------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.                                                          No. 16-2345-cr

JAMES BROWN,
*Defendant-Appellant*.
------------------------------------------------------------------------

FOR APPELLANT:             Walter C. Bansley III, Bansley Anthony Burdo, LLC, New Haven, Connecticut.

FOR APPELLEE:              Anthony E. Kaplan, Marc H. Silverman, Assistant United States Attorneys, *for* Deirdre M. Daly, United States Attorney for the District of Connecticut, New Haven, Connecticut.

---

[*] Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appeal from a judgment of the United States District Court for the District of Connecticut (Alfred V. Covello, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on June 24, 2016, is AFFIRMED.

Defendant James Brown, who was convicted following a guilty plea of unlawful possession of a firearm by a convicted felon, *see* 18 U.S.C. § 922(g)(1), challenges his above-Guidelines 92-month prison sentence as substantively unreasonable.[1] We apply "a particularly deferential form of abuse-of-discretion review" to such a challenge, *United States v. Cavera*, 550 F.3d 180, 188 n.5 (2d Cir. 2008) (*en banc*); *accord United States v. Broxmeyer*, 699 F.3d 265, 288–89 (2d Cir. 2012), and in doing so here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

In arguing substantive unreasonableness, Brown bears a heavy burden because we will set aside a sentence on that ground "only in exceptional cases where the [district] court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d at 189 (internal quotation marks omitted); *see also United States v. Messina*, 806 F.3d 55, 66 (2d Cir. 2015) (discussing "broad range of permissible decisions" available to district court). In conducting such review of an above-Guidelines sentence, we "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *United States*

---

[1] The government does not seek to enforce Brown's plea agreement waiver of his right to appeal.

*v. Coppola*, 671 F.3d 220, 254 (2d Cir. 2012) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)). For a sentence to be substantively unreasonable, it must be so "shockingly high, shockingly low, or otherwise unsupportable as a matter of law" that failing to alter it would "damage the administration of justice." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). That is not this case.

The district court explained its decision to impose a prison sentence 29 months above the applicable 51–63 month Guidelines range by reference to both aggravating and mitigating factors. First, the crime of conviction, possession of a loaded firearm by a defendant convicted of numerous violent felonies, was particularly serious. *See* 18 U.S.C. § 3553(a)(2)(A). Second, Brown's extensive criminal history was evidenced not only by multiple convictions for robbery, assault, narcotics, and earlier firearms possession, but also by the fact that Brown had been incarcerated for all but four of the last 18 years, with prior terms of imprisonment failing adequately to deter or rehabilitate him, or to protect the public from his criminal activity. *See id.* § 3553(a)(2)(B)–(D). Third, even while incarcerated, Brown had committed a "significant number" of disciplinary violations. Gov't App'x 120. At the same time, the district court noted Brown's cooperation with the government, acceptance of responsibility, troubled upbringing, and mental health issues. On this record, the district court's imposition of a 92-month prison sentence cannot be deemed "shocking[]," *United States v. Rigas*, 583 F.3d at 123, so as to exceed its "broad sentencing discretion," *United States v. Broxmeyer*, 699 F.3d at 287.

3

Brown nonetheless maintains that the "only substantively reasonably sentence" that the district court could have imposed was one "within the Guidelines range of 51 to 63 months," and that the district court did not "properly" weigh applicable § 3553(a) factors. Appellant's Br. 15. As to the first point, the district court was not obliged to sentence Brown within his Guidelines range, and we have already explained why a variance was not substantively unreasonable in this case. *See United States v. Cavera*, 550 F.3d at 190 (explaining that reviewing court cannot "presume that a non-Guidelines sentence is unreasonable, or require extraordinary circumstances to justify a deviation from the Guidelines range" (internal quotation marks omitted)); *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008) (observing that "in the great majority of cases, a range of sentences—frequently extending well beyond the narrow ranges prescribed by the Guidelines—must be considered reasonable"). Brown's contention that his background and rehabilitative efforts should have been given greater weight mandates no different conclusion because "the weight to be afforded any § 3553(a) factor is a matter firmly committed to the discretion of the sentencing judge and is beyond our review, as long as the sentence ultimately imposed is reasonable," which it is here. *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted); *see United States v. Cavera*, 550 F.3d at 191 ("[W]e do not consider what weight we would ourselves have given a particular [§ 3553(a)] factor.").

Brown also argues that the district court was unduly influenced by its prior imposition of a 15-year mandatory minimum career offender sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), as to which the government moved for

resentencing in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Brown points to nothing in the record suggesting such improper consideration by the district court. Rather, he relies on the prosecutor's remarks at resentencing: "[T]he defendant acknowledges he got a significant break already under *Johnson*. He was an appropriate candidate for armed career criminal, an appropriate [candidate] for 15 years. That sentence is no longer applicable, but I think the defendant's record speaks volumes about [him]." Gov't App'x 118. These statements were not inaccurate, nor did they urge the district court to resentence Brown to the prior mandatory minimum sentence of 15 years. Thus, we reject this aspect of Brown's sentencing challenge as meritless.

Finally, Brown contends that his sentence was "shockingly high, when compared to similarly situated defendants" convicted of firearms possession. Appellant's Br. 22. The argument merits little discussion because Brown did not "provide sufficient information to compel the district court to find that [other defendants] were so similarly situated to himself that any disparity in sentence would be unwarranted." *United States v. Broxmeyer*, 699 F.3d at 296–97. "Even if he had been able to make such a showing," that would not necessarily render his sentence substantively unreasonable because the disparity referenced in "§ 3553(a)(6) is only one of several factors that must be weighted and balanced, and how that is done is a matter that remains firmly committed to the discretion of the sentencing judge." *Id.* at 297 (internal quotation marks omitted). Because the district court did not exceed that discretion here, the sentence imposed was not substantively unreasonable.

We have considered Brown's remaining arguments and conclude that they are without merit. Accordingly, the judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court