20-845-cr
*United States v. Baptist*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of March, two thousand twenty-one.

PRESENT:
          PIERRE N. LEVAL,
          GERARD E. LYNCH,
          JOSEPH F. BIANCO,
                    *Circuit Judges*.

_____

United States of America,

                    *Appellee*,

          v.                                                            20-845-cr

Conrad Baptist, AKA Sealed Defendant 1,

                    *Defendant-Appellant*.

_____

FOR DEFENDANT-APPELLANT:          EUNICE C. LEE (Ariadne M. Ellsworth, Law Clerk, *on the brief*), *for* Federal Defenders of New York, Inc., New York, NY.


FOR APPELLEE:          JARROD L. SCHAEFFER, Assistant United States Attorney (Danielle R. Sassoon, Assistant United States Attorney, *on the brief*), *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Cote, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Conrad Baptist appeals from a judgment of conviction entered on March 5, 2020 by the United States District Court for the Southern District of New York (Cote, *J.*), following his guilty plea for unlawful possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Baptist to an above-Guidelines term of 60 months' imprisonment to be served consecutively to any term imposed on his state parole violation, followed by three years' supervised release. On appeal, Baptist argues that his sentence was procedurally unreasonable on three grounds: (1) the district court improperly relied on his prior November 2018 arrest for drug charges that were ultimately dismissed; (2) the district court erred in its reference to the revocation of his parole status; and (3) the district court failed to adequately explain its reasons for its upward variance both in open court and in its written Statement of Reasons. Baptist also asserts that the sentence was substantively unreasonable.

We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

I. **Procedural Reasonableness**

Where, as here, a defendant has failed to raise a procedural objection at sentencing, we review for plain error. *United States v. Caltabiano*, 871 F.3d 210, 219 (2d Cir. 2017). Plain error exists "only where the appellant demonstrates that (1) there is an 'error'; (2) the error is 'clear or obvious, rather than subject to reasonable dispute'; (3) the error 'affected the appellant's substantial rights, which in the ordinary case means' it 'affected the outcome of the district court proceedings'; and (4) 'the error seriously affect[s] the fairness, integrity or public reputation of judicial

proceedings.'" *United States v. Marcus*, 560 U.S. 258, 262 (2010) (alteration in original) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

We have found procedural error where "the district court miscalculates the Guidelines; treats them as mandatory; does not adequately explain the sentence imposed; does not properly consider the [18 U.S.C.] § 3553(a) factors; bases its sentence on clearly erroneous facts; or deviates from the Guidelines without explanation." *United States v. Cossey*, 632 F.3d 82, 86 (2d Cir. 2011) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)).

### A. Baptist's Prior November 2018 Arrest

Baptist contends that the district court improperly relied on his prior November 2018 arrest for allegedly selling drugs as a basis for its upward variance, even though the charges were ultimately dismissed. We disagree.

Although Baptist argues that the district court assumed he was guilty of the underlying conduct that was the subject of the arrest and considered that conduct in arriving at the sentence, the record plainly contradicts that assertion. In fact, the district court explicitly stated on three separate occasions that it knew nothing about the underlying facts surrounding the prior arrest and, therefore, would not consider such alleged conduct. *See* App'x at 60 ("I'm not finding that he was engaged in drug dealing on that occasion . . . ."); *see also id*. at 64 (explaining, after defense counsel asked the court not to consider the alleged underlying conduct surrounding the prior arrest, "I tried to convey that. I'm not making a finding he was actually guilty of the crime of selling drugs or possessing drugs with the intent to sell them. I have no idea about what the underlying facts were, and there was no conviction."); *id*. at 66–67 (emphasizing, after Baptist mentioned the arrest, "I want to assure you, Mr. Baptist, I'm not finding you were dealing drugs. That's not the issue. It's all about the gun."). Therefore, this situation is clearly distinguishable from the case Baptist relied upon, *United States v. Juwa*, where the district court had relied on underlying conduct leading to

3

the defendants' arrest in a pending state case to justify a sentence variance. *See* 508 F.3d 694, 700–01 (2d Cir. 2007) (finding procedural error where the district court may have imposed defendant's sentence "in reliance on the assumption that [defendant] had sexually abused a minor on more than one occasion" without "independent substantiation" of previous, still-pending charges contained in a state indictment).

Moreover, Baptist contends that the district court's multiple references to the arrest suggest that it was improperly focused on the prior arrest conduct, notwithstanding the unequivocal statements by the district court to the contrary. Baptist's argument regarding these multiple references, however, overlooks the fact that, other than mentioning the arrest in an opening summary of the case at the sentencing, the district court addressed the arrest (as noted above) only in response to separate statements about the arrest by defense counsel and Baptist himself, for the specific purpose of assuring them that the alleged underlying conduct surrounding the prior arrest was *not* being relied upon in arriving at the sentence. Indeed, the district court made clear that the fact of the prior arrest itself, which was undisputed, could only be considered, if at all, for a very limited purpose—namely, that Baptist "had a direct interaction with law enforcement after leaving prison," prior to the instant offense, which "should have brought . . . to the forefront of [Baptist's] mind[] how he must walk around in open society now" and not carry a loaded firearm. App'x at 64.

In any event, the district court did not mention the November 2018 arrest at all in articulating its reasons for the sentence in open court, nor did it reference the arrest in its written Statement of Reasons. Therefore, we conclude that the district court mentioned the prior arrest "more for the sake of providing a complete background history," before moving on to considerations "of more material import." *United States v. Golomb*, 811 F.2d 787, 790–91 (2d Cir.

4

1987).  Accordingly, we discern no plain error relating to the district court's reference to the November 2018 arrest.

### B.  The District Court's Reference to Baptist's "Parole Revocation Status"

Baptist also argues that the district court based its sentence on a clearly erroneous fact when it referenced Baptist's "parole revocation status."  App'x at 60.  Although conceding that he was on parole when he possessed the loaded firearm, Baptist asserts that the district court erred in its reference to revocation, because there was no pending revocation proceeding at the time of the instant offense.

There is absolutely no indication in the record that the issue of whether Baptist's parole status was in revocation at the time of the offense played any role whatsoever in the district court's determination as to the appropriate sentence.  To be sure, in arriving at its sentence, the district court found it significant that the instant firearms offense was committed the year after Baptist was released from state custody on parole, and specifically noted that fact in its written Statement of Reasons.  *See* Statement of Reasons at 4 ("The defendant was arrested in the instant offense on July 12, 2019 with a loaded firearm following his release on parole in 2018 from state custody after serving a lengthy sentence for robbery and burglary charges.").  However, there is no reason to conclude that—apart from the articulated material fact that Baptist committed the instant offense while still on parole—the district court gave any additional significance to his parole status.[1]  Indeed, other than a passing reference to "parole revocation status" in a preliminary overview of the case at the beginning of the sentencing proceeding, the district court never mentioned the

---

[1]  Baptist asserts, without any basis, that the district court may have incorrectly believed revocation proceedings were pending at the time of the instant offense because of the prior November 2018 arrest on alleged drug charges.  Putting aside the entirely speculative nature of that assertion, given that it gave no consideration to the alleged underlying conduct related to that arrest, it is reasonable to infer that the district court would have also found it equally immaterial that parole revocation proceedings had been instituted based upon that alleged conduct.

revocation issue again at any point in the proceeding, nor was it mentioned in its written Statement of Reasons. Accordingly, nothing in the record would support a finding that the cursory and unobjected-to reference to "revocation status" at the beginning of the sentencing could have affected Baptist's "substantial rights" or "seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings," *Marcus*, 560 U.S. at 262 (quoting *Puckett*, 556 U.S. at 135), and the reference thus provides no basis to disturb the sentence under plain error review.

### C. The District Court's Open Court and Written Reasons for the Variance

Baptist further contends that the district court procedurally erred because it failed to provide sufficient reasons for its upward variance both orally and in writing. Where, as here, a judge imposes a sentence that is outside the Guidelines range, a district court must state "the specific reason[s] for the imposition of a [non-Guidelines] sentence" both in open court and in a written statement of reasons. 18 U.S.C. § 3553(c)(2). This Court does not require "robotic incantations" or "a precise mode or manner in which [a district court] must explain the sentence [it] impose[s]." *United States v. Rosa*, 957 F.3d 113, 119 (2d Cir. 2020) (internal quotation marks omitted). Nevertheless, we have explained that "the imposition of an above-Guidelines sentence triggers a 'higher descriptive obligation'" than that of within-Guidelines sentences. *United States v. Aldeen*, 792 F.3d 247, 253 (2d Cir. 2015) (quoting *United States v. Cassesse*, 685 F.3d 186, 193 (2d Cir. 2012)), *superseded by statute on other grounds as recognized in United States v. Smith*, 949 F.3d 60, 64 (2d Cir. 2020). As set forth below, the district court's in-court reasons for its upward variance to 60 months' imprisonment, as well as the explanation contained in the written Statement of Reasons, were sufficient.

With respect to the district court's open-court explanation, Baptist concedes that the district court relied upon various Section 3553(a) factors in its justification for an upward variance. However, Baptist contends that the district court's reliance on these factors was "superficial[]" and

6

did not meet the heightened descriptive explanation required for its above-Guidelines sentence. Appellant's Reply Br. at 12. We find this argument unpersuasive. Even when a "higher descriptive obligation" is triggered, this Court has held that the requirements of Section 3553(c)(2) have "likely been satisfied when a court's statements meet the goals 'of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs.'" *Cassesse*, 685 F.3d at 192–93 (quoting *United States v. Villafuerte*, 502 F.3d 204, 210 (2d Cir. 2007)).

Here, the district court explicitly acknowledged that it was imposing an above-Guidelines sentence "in consideration of a variety of 3553(a) sentencing factors." App'x at 59. The court then touched upon multiple Section 3553(a) factors that it found warranted an above-Guidelines sentence, including the seriousness of the offense, the risk of recidivism in light of Baptist's prior criminal history, public safety concerns, and the need for deterrence. For example, the district court emphasized that the firearms offense was "extraordinarily serious," *id*. at 60, and that it was unclear "why [Baptist] would have thought it was appropriate to walk around the streets of New York with a weapon," *id*. at 67. The district court also noted, referencing the Presentence Report, that Baptist had "prior convictions [involving the] use of weapons." *Id*. Moreover, as to his danger to the public, the district court explained that "[a] loaded gun on the streets of New York is a dangerous, dangerous weapon" and that Baptist was "fortunate that [he] did not use it." *Id.* at 68. With respect to deterrence, the district court stated that Baptist "need[ed] to give [his conduct] more serious thought" and "need[ed] to know that [he] should never possess a weapon again." *Id*.

In addition to individually addressing a number of the Section 3553(a) factors supporting the sentence, the district court also specifically explained why the above-Guidelines sentence of 60 months' imprisonment was necessary: "I understand that this [sentence] is above the Guidelines

7

range of 30 to 37 months, but I think [the] issues of recidivism here and public safety are paramount." *Id*. at 67. The district court expanded on this point by emphasizing that such a sentence was warranted because Baptist engaged in this dangerous conduct even though he had come from a "good family, law-abiding family," and also "had plenty of time in state custody to think about what path [he] would take when [he] left prison in 2018."[2] *Id*. To the extent Baptist argues that the district court should have addressed even further why some other particular sentence was not chosen, this Court has "never required a district court . . . to expressly compare various numbers" in that manner. *Rosa*, 957 F.3d at 118. Insofar as the district court was required to meet a "higher descriptive obligation" than a "simple fact-specific statement," it met that burden here, and certainly did not commit plain error in that regard.

We reach the same conclusion regarding the written Statement of Reasons. The Statement of Reasons explained that "[a] variance to 60 months is necessary to protect society and provide deterrence." Statement of Reasons at 4. In support of those Section 3553(a) factors, the district court pointed, as noted above, to the fact that the defendant was arrested with the loaded firearm after being released on parole following a lengthy sentence for robbery and burglary charges. *Id*. Although the written explanation was brief, it contained specific reasons for the sentence, utilizing Section 3553(a) factors and then tying those factors to the defendant being sentenced. We conclude

---

[2] The district court's open-court justification is further strengthened by its explicit adoption on-record of Baptist's Presentence Report ("PSR"). *See Rosa*, 957 F.3d at 118 (citing *United States v. Molina*, 356 F.3d 269, 277 (2d Cir. 2004)). In explaining its sentence, the district court emphasized that, "as set out in the presentence report, the prior convictions here involve [the] use of weapons," App'x at 67, and noted that "[Baptist] essentially spent most of [his] adult life already in prison," *id*. at 68. The PSR recounted, *inter alia*, the following prior convictions: (1) a 1991 conviction for attempted criminal possession of a loaded firearm in the Bronx, for which Baptist received a sentence of 18 months to 3 years' imprisonment; (2) a 1990 attempted robbery conviction in the Bronx involving a robbery of a commercial establishment, for which Baptist received a sentence of 2 to 4 years' imprisonment; and (3) a 1993 conviction for robbery and burglary, for which Baptist served over 25 years' imprisonment before being paroled in 2018. The PSR further documented the numerous disciplinary sanctions Baptist had sustained while serving his prior 25-year term of incarceration. None of these events, save for the 1993 conviction, was taken into account in calculating his criminal history score.

8

that, under the particular circumstances of this case, the articulated grounds in the Statement of Reasons were sufficient to satisfy Section 3553(c)(2). *See United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) ("[A] brief statement of reasons will generally suffice where the parties have addressed only straightforward, conceptually simple arguments to the sentencing judge." (internal quotation marks omitted)); *see also Juwa*, 508 F.3d at 699 (holding the district court's recitation of Section 3553(a) factors in its Statement of Reasons was "not objectionable," despite this Court's "preference that the reasons be tied to the facts of the case").

In sum, there was no procedural error in the district court's articulation of its verbal and written reasons for its above-Guidelines sentence.

## II.    Substantive Reasonableness

With respect to Baptist's challenge to the substantive reasonableness of the sentence, he argues that the district court abused its discretion because an above-Guidelines, 60-month sentence of imprisonment is shockingly high and more than necessary to achieve the goals of sentencing in this case. We disagree.

We do not apply a heightened standard of review to a sentence merely because it is outside the advisory Guidelines range; instead, we apply the deferential abuse-of-discretion standard to challenges to the substantive reasonableness of a sentence.[3] *Gall*, 552 U.S. at 51. Therefore, this Court will hold that a sentence is substantively unreasonable only when it is "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). As a result, we will "set

---

[3] We have not yet "decided whether plain error review applies to an unpreserved challenge to the substantive reasonableness of a sentence," *United States v. Thavaraja*, 740 F.3d 253, 258 n.4 (2d Cir. 2014), and we do not do so here because Baptist's substantive reasonableness challenge fails even under the abuse-of-discretion standard.

aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Rigas*, 583 F.3d at 122 (emphasis and internal quotation marks omitted).

As noted above, prior to his commission of the instant firearms offense, Baptist's criminal history included separate convictions for attempted robbery, attempted criminal possession of a weapon, burglary, and robbery. Most notably, in 1993, Baptist was convicted of three counts each of first-degree burglary and first-degree robbery, for which he served a 25-year term of imprisonment. That conviction involved the robbery of three victims at gunpoint in an apartment building in Manhattan, during which Baptist bound the hands and feet of two of the victims. Baptist was released from his 25-year term of imprisonment in May of 2018 and, just fourteen months later and while still on parole, Baptist was arrested in possession of a loaded semiautomatic pistol on the streets of New York City.

Given Baptist's violent criminal history involving the use of firearms and the nature of the instant firearms offense, we cannot conclude that the district court's above-Guidelines sentence is "shockingly high," *Broxmeyer*, 699 F.3d at 289, even in the context of the mitigating factors asserted by Baptist. Although Baptist suggests that his sentence should have been treated as an "average case" and that his 60-month sentence is an "unexplained outlier" among other sentences for similar offenses, Appellant's Br. at 47, that contention is undermined by the especially serious and violent nature of his criminal history, combined with his commission of this firearms offense relatively soon after his release from prison and while still on parole, which cumulatively raise heightened and compelling concerns regarding recidivism and the safety of the community that are not present in the "average [felon-in-possession] case." Moreover, the 60-month sentence is comparable to, or lower than, sentences in other felon-in-possession cases in this Circuit that have been upheld as substantively reasonable. *See, e.g.*, *United States v. Stokes*, 819 F. App'x 15, 16–

10

17 (2d Cir. 2020) (affirming an above-Guidelines sentence of 60 months' imprisonment for a felon-in-possession offense); *United States v. Brown*, 690 F. App'x 774, 775–76 (2d Cir. 2017) (affirming an above-Guidelines sentence of 92 months' imprisonment for a felon-in-possession offense); *United States v. Adams*, 399 F. App'x 633, 634–35 (2d Cir. 2010) (affirming a 63-month sentence for a felon-in-possession offense, which was twice the applicable Guidelines range, due to defendant's additional criminal conduct and lack of rehabilitation). Thus, this is not the "exceptional case[] where the trial court's decision cannot be located within the range of permissible decisions," *Rigas*, 583 F.3d at 122 (internal quotation marks omitted), and we conclude that the sentence was substantively reasonable.

*   *   *

We have considered all of Baptist's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

11